UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHANTANA E. KUNG, et al.,**

    **Plaintiffs,**

    v.

**OHIO DEPARTMENT OF INSURANCE,**

    **Defendant.**

Case No. 2:05-cv-1048
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a combined motion to dismiss and motion for judgment on the pleadings (Doc. # 13) filed by Defendant, the Ohio Department of Insurance. Plaintiffs, Chantana and Sokham Kung,[1] have not responded to the motion. For the reasons that follow, the Court finds the combined motion not well taken.

### I.  Background

Beginning in April 1998, Plaintiff Chantana E. Kung worked as an Information Technology Consultant 1 for Defendant, the Ohio Department of Insurance. On April 1, 2005, however, Defendant terminated Kung.

Kung subsequently filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on October 13, 2004. The EEOC issued a Right to Sue letter on August 30, 2005, and Kung initiated the instant action on November 21, 2005. (Doc. #

---

[1] The amended complaint uses "Sokham Kung" in its caption, uses "Sokhan Kung" in paragraph two, and uses "Sokhom Kung" in paragraphs twenty-three and twenty-four. (Doc. # 24, at 1, 3.) The Court has elected to use the caption spelling until notified otherwise.

1.)  He subsequently moved to amend his pleading to add his wife Sokham as a plaintiff and to assert a total of four claims for himself (construed broadly, wrongful termination based on race discrimination, breach of contract, racial discrimination, intentional infliction of emotional distress) and one claim for Sokham (described as for delivering a pre-term infant as a result of stress brought about by her husband's wrongful termination).  (Doc. # 24, at 2-3.)

On June 6, 2006, Defendant filed a motion to dismiss Counts Four and Five, the intentional infliction of emotional distress and the derivative pre-term delivery claim, respectively, and for judgment on the pleadings on Count Two, the breach of contract claim. (Doc. # 13.)  Plaintiffs failed to respond to the motion,[2] which is now ripe for disposition.

## II. Discussion

### A. Motion to Dismiss

Defendant moves to dismiss Counts Four and Five pursuant to  Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction.  Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion ...." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the

---

[2]  On June 29, 2006 and June 30, 2006, Plaintiffs moved for an extension of time until July 10, 2006 to respond to the motion.  (Docs. # 16, 17.)  The Court granted the extension on June 30, 2006 (Doc. # 18), but Plaintiffs did not file any response.

existence of federal subject matter jurisdiction"). Moreover, this Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*, 895 F.2d at 269.

Proceeding under this standard, Defendant's motion states that Defendant's Rule 12(b)(1) motion targets Counts Four and Five. (Doc. # 13, at 1.) The memorandum in support of the motion repeats this assertion. (Doc. # 13, at 6.) Defendant carefully qualifies its motion, however, by noting that it is "assuming these Counts allege state law causes of action." (Doc. # 13, at 4.)

The problem with this assumption is that the initial complaint and the amended complaint are unclear. Defendant is correct in framing the issue as it does because the pleadings do not specify whether federal or state claims are involved. Although the Court can hazard a guess, dispositive motions should not turn on a best estimate of what cause of action is involved.

The Court therefore *sua sponte* **ORDERS** Plaintiffs to file, by August 21, 2006, a more definite statement of its causes of action, clarifying whether federal or state law is involved and the specific statutory or common law causes of action asserted in each of the five counts. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) ("The district court had the inherent authority to require the appellant to file a more definite statement. Such authority, if not inherent in Rule 12(e), is surely within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition. "); *cf. Taylor v. City of Cleveland*, No. 1:05cv2983, 2006 WL 1982968, at *1 n.3 (N.D. Ohio July 13, 2006) (noting that when faced with an unclear complaint, "the Court may, *sua sponte,* order Plaintiff to file an amended complaint that clarifies his claims"). Failure to comply with this Order shall result in sanctions, including the possible striking of Plaintiffs' pleading.

In light of this Order, the Court **DENIES WITHOUT PREJUDICE** the Rule 12(b)(1) aspect of Defendant's motion. (Doc. # 13.) Defendant remains free to raise a lack of subject matter jurisdiction.[3]

### B. Motion for Judgment on the Pleadings

Defendant also moves for judgment on the pleadings on Count Two pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The rule's mandated timing is important here, because Defendant has prematurely filed its Rule 12(c) motion.

Plaintiff Chantana Kung filed his first complaint on November 21, 2005. (Doc. # 1.) Defendant responded by filing an answer on January 30, 2006. (Doc. # 3.) Chantana Kung then filed a motion for leave to amend his complaint on May 31, 2006; attached to the motion was a proffered amended complaint. (Doc. # 12.) Defendant in turn filed the combined motion to dismiss/motion for judgment on the pleadings on June 6, 2006. (Doc. # 13.) The Magistrate Judge granted the motion to amend on August 2, 2006 (Doc. # 23), and the amended complaint was placed on the docket that same day (Doc. # 24). Thus, Defendant must file a new answer in response to the amended complaint. *See* Fed. R. Civ. P. 15(a).

Given that an answer is due, the pleadings have not closed as contemplated by Rule

---

[3] The Court recognizes that, in regard to the claim of Plaintiff Sokham Kung asserted in Count Five, Defendant argues that both a federal or state cause of action would fail. The Court declines to opine on this argument at this time, but upon motion would revisit the issue if such a claim remains asserted in this case and when the statutory or common law basis for such a claim is made clear.

12(c).[4]  The motion is therefore premature, and the Court also **DENIES WITHOUT PREJUDICE** the Rule 12(c) motion.[5]  (Doc. # 13.)

### III.  Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the combined Rule 12(b)(1)/Rule 12(c) motion.  (Doc. # 13.)

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[4]  In contrast, a party may file a Rule 12(b)(1) motion "before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b).  Given the procedural hiccup that plagues Defendant's filing, the Court can accept the Rule 12(b)(1) aspect of the motion as now timely filed (pre-filing of the new answer), but cannot accept the Rule 12(c) aspect of the motion as valid when the answer period remains open.  *See Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F. Supp. 2d 942, 947 (S.D. Ohio 2003) ("Motions brought ... under 12(b) generally, must be brought by a defendant 'before pleading' (i.e., before filing its answer to the complaint).  Motions brought under Rule 12(c) cannot be filed until '[a]fter the pleadings are closed' (i.e., after filing its answer).").  Although some courts have elected to treat a Rule 12(c) motion as a Rule 12(b)(6) motion, such action is not required and is not undertaken here.

[5]  For the sake of completeness, the Court notes that one of Defendant's two Rule 12(c) arguments is based on the premise that the collective bargaining agreement provides for mandatory arbitration, thereby precluding his breach-of-contract claim.  Neither Plaintiff nor Defendant has provided this Court with a copy of that agreement.  Although Defendant's original answer baldly asserted Defendant's argument (Doc. # 3, at 3 ¶ 5), that pleading does not provide an avenue for judgment here for the reasons described above.