UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHANTANA E. KUNG, et al.,**

    **Plaintiffs,**

    v.

**OHIO DEPARTMENT OF INSURANCE,**

    **Defendant.**

Case No. 2:05-cv-1048
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's August 22, 2006 motion to dismiss. (Doc. # 29.) For the following reasons, the Court finds the motion well taken.

### I. Background

On November 21, 2005, Plaintiff Chantana E. Kung initiated the instant action against Defendant, the Ohio Department of Insurance. (Doc. # 1.) He subsequently moved to amend his pleading to add his wife Sokham as a plaintiff and to assert a total of four claims for himself (construed broadly, wrongful termination based on race discrimination, breach of contract, racial discrimination, intentional infliction of emotional distress) and one claim for Sokham (described as for delivering a pre-term infant as a result of stress brought about by her husband's wrongful termination). (Doc. # 24, at 2-3.)

On June 6, 2006, Defendant filed a motion to dismiss Counts Four and Five, the intentional infliction of emotional distress and the derivative pre-term delivery claim, respectively, and for judgment on the pleadings on Count Two, the breach of contract claim. (Doc. # 13.) Despite requesting and obtaining an extension of time in which to reply, Plaintiffs

failed to respond to the motion to dismiss.

The Court addressed the motion to dismiss in an August 10, 2006 Opinion and Order. (Doc. # 27.)  In an effort to enable Defendant and the Court to properly address Plaintiffs' pleading, the Court *sua sponte* ordered Plaintiffs to file, by August 21, 2006, a more definite statement of the causes of action, clarifying whether federal or state law is involved and the specific statutory or common law causes of action asserted in each of the five counts.  (Doc. # 27, at 3.)   The Court specifically warned Plaintiffs that "[f]ailure to comply with this Order shall result in sanctions, including the possible striking of Plaintiffs' pleading."  (Doc. # 27, at 3.)

Despite this warning, Plaintiffs failed to respond by the August 21, 2006 deadline.  On August 22, 2006, Defendant filed a motion to dismiss, citing Federal Rule of Civil Procedure 41(b).

## II. Discussion

It is well settled that a Court possesses the authority to dismiss a case upon proper grounds.  Federal Rule of Civil Procedure 41(b), for example, provides a mechanism for defendants to move for dismissal "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."  Some considerations attach to this rule; the Sixth Circuit has explained that "[w]hen contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See*

*Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153-55 (6th Cir.1988)." *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998).

Additionally, Rule 41(b) does not provide the sole authority under which a court can dismiss a case. Rather, the Federal Rules of Civil Procedure merely codify some but not all of this authority. As the Advisory Notes to the 1983 amendment of Federal Rule of Civil Procedure 16(f) explain, amendments providing for the authority to dismiss under that rule were intended "to obviate dependence upon Rule 41(b) *or the court's inherent power to regulate litigation*." (Emphasis added.) Thus the Federal Rules of Civil Procedure implicitly recognize a court's inherent power to dismiss a cause when appropriate. But as the United States Supreme Court has explained, the Rules do not infringe upon a court's inherent authority:

> Neither the permissive language of [Fed. R. Civ. P. 41(b)] ... nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash*, 370 U.S. 626, 630-31 (1962).

Thus, cognizant of the foregoing considerations and applicable law, the Court makes the following findings and reaches the following conclusions:

(1) The Court has the inherent power to dismiss a case *sua sponte* under appropriate circumstances. Rule 41(b) also specifies that a Court may dismiss a case for failure to prosecute or for a failure to comply with a court order.

(2) By failing to file a clarification of their insufficient pleading, Plaintiffs have failed to

3

comply with this Court's August 10, 2006 Opinion and Order. (Doc. # 27.) Plaintiffs also failed to timely comply with the Magistrate Judge's discovery order of July 14, 2006. (Doc. # 19.) Such contumacious inaction and belated action constitute apparent willful or bad faith conduct on Plaintiffs' part.

(3) Defendants have incurred prejudice in the form of unnecessary delay and expenses, including the necessity of filing multiple motions. The imprecise nature of the amended pleading hampers Defendant's ability to prepare for this litigation, including Defendant's ability to prepare adequately for necessary depositions.

(4) The Court previously warned Plaintiffs that lack of diligence in pursuing this action via filing of clarification would result in any appropriate sanction. Plaintiffs were on notice.

(5) The Court has already employed sanctions less severe than dismissal in an effort to manage this case while affording Plaintiffs the benefit of the doubt. By holding in abeyance the discovery sanctions sought and ordering clarification rather than *sua sponte* dismissing the insufficient amended complaint, the Court sought to provide with the opportunity to pursue this action. Additionally, today's dismissal without prejudice is a less severe sanction than dismissal with prejudice.

(6) S.D. Ohio Civ. R. 55.1 does not preclude dismissal here. The Court's inherent power to dismiss under the circumstances found in this case is not constrained by local rule. *See* S.D. Ohio Civ. R. 55.1(c); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2370 (2d ed. 1995) ("Every lawyer should be familiar with the local rule, if any, on this point in each district in which that attorney has actions pending; but one also must remember that the district court has power to dismiss a case even though there is no local rule and may do

4

so even though the circumstances in which the local rule calls for dismissal do not exist."). *Cf. Shale v. Florida Times-Union*, 291 F. Supp. 407, 408 (M.D. Florida 1968) (stating that "the law is clear" that in addition to dismissal predicated upon violation of a local rule, a court "has inherent power to dismiss for failure of plaintiff to prosecute with due diligence").

(8) There is no evidence that this is a case in which the Court must decide whether to hold a client accountable for his counsel's delinquent actions. *See, e.g., Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir. 2001).

(9) Nor is this a case in which due process dictates that the Court should not dismiss this cause. *See Link*, 370 U.S. at 633 ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.")  Here, Plaintiffs' own conduct has frustrated the efforts of Defendant to respond adequately to the claims asserted.  The on-notice Plaintiffs cannot evade a challenge to their claims by simply refusing to comply with the Court's Order and clarify their claims.

(10) The Court concludes that in light of the foregoing circumstances, dismissal without prejudice is warranted.  Plaintiffs have failed to prosecute this action and have failed to comply with the Order of this Court.

### III. Conclusion

The Court **GRANTS** the motion to dismiss.  (Doc. # 29.)  This action is **DISMISSED WITHOUT PREJUDICE**.  Defendant's pending motion for discovery-related sanctions is **DENIED AS MOOT**.  (Doc. # 21.)  The captioned cause is ordered terminated upon the docket

records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE